**Kassem Abdul ATOUI, Petitioner,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

No. 02–4355.

United States Court of Appeals, Sixth Circuit.

Aug. 19, 2004.

Richard A. Kulics, Birmingham, MI, for Petitioner.

Mary Jane Candaux, Margaret J. Perry, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondents.

Before: MOORE and COLE, Circuit Judges; and MARBLEY, District Judge.*

## ORDER

Kassem Abdul Atoui, a native of Kuwait and citizen of Lebanon currently residing in Michigan, petitions through counsel for review of an order of the Board of Immigration Appeals affirming an immigration judge's decision finding him removable and denying his requests for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT). Counsel did not respond to a request to show cause why oral argument would be needed, and this panel unanimously agrees that oral argument is not necessary in this case. Fed. R.App. P. 34(a).

Atoui was born in Kuwait in 1968, and lived there until 1992, when he entered this country as a permanent resident. His parents were born in Lebanon, and he is considered a citizen of that country. Atoui returned to Kuwait after 1992 several times for months at a time to work and live. Removal proceedings were initiated against Atoui pursuant to 8 U.S.C. § 1227(a)(2)(A)(i), on the ground that he was convicted of a crime of moral turpitude committed within five years of his admission to this country, for which a sentence of one year or more of imprisonment may be imposed. The record shows that Atoui was convicted of felonious assault following a jury trial and was sentenced to one year of probation, although up to four years of imprisonment could have been imposed. MCL § 750.82. Atoui held the victim of the crime while someone else hit him with a wrench.

Atoui contested the removal on the ground that his crime did not involve moral turpitude. He also requested asylum, withholding of removal, and relief under the CAT. A hearing was held before an immigration judge (IJ), who found Atoui removable, determined that he was not eligible for withholding due to his having committed a particularly serious crime and on the merits, and denied him asylum and deferral of withholding under the CAT on the merits. The Board of Immigration Appeals (BIA) affirmed the IJ's decision without opinion, and this petition for review followed.

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

In his brief before this court, Atoui argues: 1) the court has jurisdiction to review his removal because his crime did not involve moral turpitude; 2) the affirmance without opinion by the BIA violated his due process rights; 3) his crime was not particularly serious so as to render him ineligible for withholding of removal; and 4) his asylum claim was wrongly denied on the merits.

■ Atoui's argument regarding the court's jurisdiction is without merit because the statute to which he refers, 8 U.S.C. § 1252(a)(2)(C), provides that an order of removal is not reviewable by the court where an alien has committed two or more crimes of moral turpitude. This case involves only one crime, and respondent concedes that the court has jurisdiction to review the order of removal. To the extent that Atoui is challenging the IJ's finding that his conviction involved moral turpitude so as to be a basis for removal, we conclude that the IJ did not abuse his discretion in concluding that felonious assault with a dangerous weapon is a crime of moral turpitude. The elements of the offense, not the alien's version of the underlying facts, are determinative in concluding that a crime involves moral turpitude. *Yousefi v. U.S. INS*, 260 F.3d 318, 326–27 (4th Cir.2001). In *Yousefi*, a factually similar case, assault with a dangerous weapon was also found to involve moral turpitude.

Atoui devotes the majority of his brief to his argument that the BIA's affirmance of the IJ's decision without opinion violated his due process rights. For the reasons stated in *Denko v. INS*, 351 F.3d 717, 730–32 (6th Cir.2003), this argument is also meritless.

■ Atoui argues that the IJ erred in finding that his crime was particularly serious, so as to render him ineligible for withholding of removal under 8 U.S.C. § 1231(b)(3)(B)(ii), as well as for withholding under the CAT pursuant to 8 C.F.R. § 208.16(d)(2). This court previously determined that a conviction under MCL § 750.82 is a particularly serious offense for these purposes. *Hamama v. INS*, 78 F.3d 233, 240 (6th Cir.1996). The IJ overlooked the fact that conviction of a particularly serious offense also rendered Atoui ineligible for asylum under 8 U.S.C. § 1158(b)(2)(ii). However, the IJ also examined Atoui's claims for asylum and withholding on the merits. Because the IJ's analysis on the merits is supported by substantial evidence, we need not resolve Atoui's attempt to distinguish his case from *Hamama*.

In order to be granted asylum, an alien must show that he is a refugee who is unable or unwilling to return to his home country because of fear of persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion. *Perkovic v. INS*, 33 F.3d 615, 620 (6th Cir.1994). For this court to grant a petition for review from the denial of an asylum claim, the evidence must be such that a reasonable fact finder would have to conclude that the requisite fear of persecution existed. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Here, Atoui claimed that he feared persecution in Kuwait, but the record showed that he was not unable or unwilling to return there, and in fact had done so on numerous occasions; his brother was also living in Kuwait with no problem. Therefore, his claimed fear of persecution was undercut. *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001). Atoui also claimed to fear persecution in Lebanon by the Hezbollah terrorist group, because he had been involved in a business dispute with a man who claimed to have influence with the Hezbollah. This claim did not involve a fear of persecution on one of the protected grounds. Because Atoui did not demonstrate eligibility for asylum, he necessarily is unable to demonstrate

eligibility under the more stringent standard for withholding of removal. *Habtem-icael v. Ashcroft,* 360 F.3d 820, 825 (8th Cir.2004).

Finally, the IJ also properly determined that Atoui was not entitled to deferral of removal under the CAT, 8 C.F.R. § 208.17(a), or withholding, because he did not show that he was likely to be tortured by either the government of Kuwait or Lebanon. *Ali v. Reno,* 237 F.3d 591, 597 (6th Cir.2001). Moreover, Atoui raised no argument regarding relief under the CAT in his brief.

In summary, because Atoui was not denied due process by the BIA's affirmance without opinion, and because the IJ properly denied his claims for relief on the merits, the petition for review is denied.